**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAMAR A. WILLIAMS, | |
| Plaintiff, | CIVIL NO. 3:25-cv-00259 |
| v. | |
| KEVIN ROBERT SWEENEY, et al., | (LATELLA, M.J.) |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff Lamar A. Williams was previously advised of deficiencies regarding his initial pleadings.  He was afforded an opportunity to file an amended complaint to remedy those defects.  Because his Amended Complaint fails to satisfy the mandates of Rule 8 of the Federal Rules of Civil Procedure and fails to state any claim upon which relief can be granted, we are constrained to recommend that his Amended Complaint be dismissed.

## I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff initiated this matter by filing a Complaint on February 12, 2025.  (Doc. 1).  On that same date, he filed a Motion for Leave to

Proceed *In Forma Pauperis*.  (Doc. 2).  He subsequently filed two Certified Motions for Leave to Proceed *In Forma Pauperis*.  (Docs. 5, 6).  Plaintiff then filed five additional documents, variably titled "Document," "Supplement," and "Exhibit."  (Docs. 8, 9, 10, 12, 13).

On April 22, 2025, United States Magistrate Judge Phillip J. Caraballo issued an Order granting Plaintiff's application to proceed *in forma pauperis*, but holding service of the Complaint in abeyance pending screening pursuant to 28 U.S.C. § 1915A.[1]  (Doc. 15).  On that same date, Judge Caraballo filed an additional Order observing that Plaintiff had filed multiple supplements or amendments adding factual allegations or legal theories to his initial Complaint.  (Doc. 16).  He directed Plaintiff to file a single, "comprehensive amended complaint." (*Id.* at 4).  Judge Caraballo also identified several potential flaws with Plaintiff's original Complaint and provided guidance on filing an amended complaint.  (*Id.* at 2).  He pointed out that "many of Williams's legal theories may lack the 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] On February 17, 2026, the matter was reassigned to the undersigned.

misconduct alleged.'" (*Id.* at 2) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016)).  Additionally, Judge Caraballo highlighted that with respect to certain claims, such as "fraudulent business practices," Plaintiff must state "*with particularity* the circumstances constituting fraud." (*Id.* at 2–3) (citing Fed. R. Civ. P. 9(b)).  Further, Judge Caraballo indicated that Section 1983 enables lawsuits against state actors, not private entities such as Wyndham Hotels & Resorts, Inc. and its subsidiaries.  (*Id.* at 3).  Finally, he noted that "the law affords some state officials (including police officers and prosecutors) privileges and immunities, which require certain circumstances and careful pleading to be overcome." (*Id.*).

Plaintiff filed an Amended Complaint on May 12, 2025, against Defendants Baymont Hotel/Wyndam Resorts and Defendants Kevin R. Sweeney, James Petrucci, John Munley, Danielle Guari, Christopher J. Osborne, Jr., who he alleges are employed by the Lackawanna County District Attorney's Office and the Scranton Police Department & Street Crimes Unit (the "Law Enforcement Defendants").  (Doc. 17).

In his Amended Complaint, which consists of a lengthy narrative, Plaintiff alleges that on January 9, 2025, members of the Scranton

Police Street Crimes Unit unlawfully arrested him at the Baymont Hotel. (Doc. 17 at 3). He claims that he was sleeping in a rented room at the Baymont Hotel when he heard a knock at the door. (*Id.* at 5). He was expecting a friend. (*Id.*). He got up and let the friend inside. (*Id.*). He then heard another knock at the door. (*Id.*). He alleges that "he looked through the peep hole and saw two (2) white male police officers at [his] door." (*Id.*). One officer was in uniform. (*Id.*).

Officer Petrucci asked Plaintiff to open the door and indicated that he wanted to ask Plaintiff a few questions. (*Id.*). Plaintiff claims that when he opened the door, both officers came rushing in and aggressively grabbed him and his friend, brought them into the hallway, and handcuffed them. (*Id.*).

Plaintiff further alleges that Defendants Kevin R. Sweeney, James Petrucci, John Munley, Danielle Guari and Christopher J. Osborne, Jr. maliciously made false statements in an affidavit of probable of probable cause and criminal complaint. (*Id.* at 8). He also avers that he noticed that there has been "tampering going on with [his] paperwork." (*Id.*). He indicates that in one set of documents, James Petrucci and John Munley's names were present, but those names do

not appear on a subsequent version that he received.  (*Id.*).  He also claims that on his docket sheet, the arresting agency is the Scranton City Police Department but that he was arrested in Dunmore, Pennsylvania.  (*Id.*).  Plaintiff asserts that a preliminary hearing that occurred on February 27, 2025 is not listed on his docket sheet.  (*Id.* at 9).  He also alleges that a docket entry indicates a waiver of appearance of arraignment and entry of plea on March 3, 2025 in front of Judge Barrasse, but Plaintiff claims he never physically appeared before Judge Barrasse.  (*Id.*).

Mr. Williams asserts claims of negligence, breach of contract, and breach of fiduciary duty against Baymont Hotel.  (Doc. 17 at 3).  He also alleges that the Baymont Hotel violated his civil rights.  He claims that the actions of the Law Enforcement Defendants violated the Fourteenth Amendment, Fifth Amendment, Eighth Amendment, and the Public Accommodations Act, 42 U.S.C. § 2000(A).  (Doc. 17 at 4, 9, 10).  He claims that they violated 18 U.S.C. § 1201(A), 18 U.S.C. § 1201(C), 18 U.S.C. § 1583, 18 U.S.C. § 1593A, 18 U.S.C. § 1519.  (*Id.* at 7, 10).  He also asserts claims of negligence, intentional misrepresentation, fraud and deceit, abuse of judicial process, obstruction of justice, tampering

with court records, and intentional abuse of due process.  (*Id.* at 10).

Plaintiff asserts that his damages have increased from $1,000,000.00 to

$3,000,000.00.  He also requests that the Court grant "protection from

these Defendants from retaliation" and from further abuse and judicial

misconduct and award compensation for lost wages and pain and

suffering.  (*Id.* at 12).

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an

*in forma pauperis* case "at any time if the court determines that . . . the

action . . . fails to state a claim upon which relief may be granted[.]"

Likewise, 28 U.S.C. § 1915A provides that "[t]he court shall review,

before docketing, if feasible or, in any event, as soon as practicable after

docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a

governmental entity."  Section 1915A goes on to say that the court shall

"identify cognizable claims or dismiss the complaint, or any portion of

the complaint, if the complaint . . . fails to state a claim upon which

relief may be granted."  28 U.S.C. § 1915A(b)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the requirements for complaints and provides that:

> (a)    A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.  Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Phillips*

*v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 545).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson*, 551 U.S. at 94; *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities,* 394 F. App'x 950, 951 n.3 (3d Cir. 2010) (per curiam) (nonprecedential) (quoted case omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office,* 769 F.3d 850, 861 (3d Cir. 2014).

## III.  DISCUSSION

Here, because Plaintiff is proceeding *in forma pauperis* and because he is a prisoner seeking redress from government employees, we must screen his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A). In order to satisfy that obligation,

9

we will first consider whether Plaintiff's Amended Complaint satisfies the requirements of Federal Rule of Civil Procedure 8(a) and then proceed to consider whether Plaintiff has sufficiently stated any claim upon which relief can be granted pursuant to Federal Rule of Procedure 12(b)(6).

### A. The Amended Complaint Fails to Comply with Rule 8(a)

As an initial matter, we note that Plaintiff's Amended Complaint, like his original Complaint, fails to comply with Rule 8's requirement that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Amended Complaint ignores the guidance provided by Judge Caraballo in his Order of April 22, 2025, (Doc. 16), which specifically instructed Plaintiff on the pleading requirements of Rule 8.

Plaintiff includes a nearly ten (10) page factual narrative as his "Statement of Claim" with factual allegations that are not tethered to specific legal claims. Throughout that narrative, he mentions multiple legal claims and theories, without anchoring those claims to any specific facts or Defendants. This type of pleading is not sufficient to satisfy the

requirements of Rule 8(a) that a complaint provide fair notice to the defendants of what a plaintiff's claims are and the grounds upon which they rest. *Erickson*, 551 U.S. at 93. Plaintiff's Amended Complaint therefore runs afoul of Rule 8(a)(2)'s basic tenant that the "plain statement possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 545–55 (internal quotation omitted). Because the Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, we recommend dismissal of Plaintiff's Amended Complaint. As an alternative basis for dismissal, however, we will consider whether Plaintiff has stated any claim upon which relief can be granted.

## B. Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted

The Court is often called upon to decipher indecipherable claims in disjointed pleadings. The Court of Appeals for the Seventh Circuit has coined some memorable phrases to describe this task. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662–63 (7th Cir. 1994) (Judges are not "archaeologists. They need not excavate masses of papers in search of revealing

11

tidbits."); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Although "[t]he Court is under no obligation to do the work of manufacturing a claim for judicial review for plaintiff," *Lowrance v. Berryhill*, No. 4:18-CV-89, 2019 WL 1085187, at *1 (S.D. Ga. Mar. 7, 2019), an attempt was made to wade through the mass of verbiage contained in the Amended Complaint in search of a viable claim, none was found. Because the Amended Complaint, against Judge Caraballo's directive, contains a narrative and a litany of claims not tethered together with specific factual allegations, a liberal construction will be afforded to Plaintiff's claims in an effort to ascertain whether he has failed to state any plausible basis for relief.

First, Plaintiff's Section 1983 claims against the Baymont Hotel will be considered followed by his claim pursuant to 42 U.S.C. § 2000(a). Consideration will then be given to claims against the Law Enforcement Defendants pursuant to the various criminal statutes Plaintiff cites before turning to his Section 1983 claims against the Law Enforcement Defendants. Finally, Plaintiff's state law claims will be addressed.

### a. Section 1983 Claims Against Baymont Hotel

Plaintiff alleges that the Baymont Hotel violated his Fourteenth Amendment rights.  (Doc. 17 at 4).  42 U.S.C. § 1983 is not a source of substantive rights, but rather "provides a vehicle for vindicating the violation of rights created by the United States Constitution or federal law."  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 907 (3d Cir. 1997).  In order to establish liability under Section 1983, a plaintiff must show "that the official acting under color of state law caused the deprivation of a federal right."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  "A plaintiff cannot state a viable claim under § 1983 without alleging that the violation of federal rights of which he complains 'was committed by a person acting under color of state law.'"  *Anderson v. Keim,* 247 F. App'x. 347, 348 (3d Cir. 2007) (citing *Harvey v. Plains Twp. Police Dep't,* 421 F.3d 185, 189 (3d Cir. 2005)).  A "private entity can qualify as a state actor in a few limited circumstances— including, for example, (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity."

*Egli v. Chester Cnty. Libr. Sys.*, 394 F. Supp. 3d 497, 505 (E.D. Pa. 2019) (quoting *Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019)).

Here, Plaintiff has failed to plead facts to establish that the limited circumstances in which a private entity qualifies as a state actor are present. Plaintiff merely alleges that the Baymont Hotel "co-conspired" with the Lackawanna County Detectives by allowing the County Detectives "to arrive outside of [Plaintiff's] room door and start banging on the door unannounced, without verification, or at least, a courtesy phone call to accommodate [Plaintiff] as a customer of theirs." (Doc. 17 at 4–5). These allegations do not suggest that the Baymont Hotel was performing a traditional, exclusive public function or that the Baymont Hotel compelled a government entity to take a particular action. And while Plaintiff alleges that the Defendants conspired with one another, there are no facts alleged suggesting that the Baymont Hotel acted jointly with the Law Enforcement Defendants. Plaintiff has not alleged that the Baymont Hotel had any advance warning from or communication with the Law Enforcement Defendants regarding their efforts to arrest him. Indeed, Plaintiff does not allege that anyone from

14

the Hotel was aware of law enforcement's presence or in any way facilitated or assisted them.  He simply alleges that he was sleeping and that law enforcement knocked on the door to his room.  There are no allegations regarding the Hotel's participation in the event.  Accordingly, Plaintiff cannot state any claim against the Baymont Hotel pursuant to 42 U.S.C. § 1983 and we recommend dismissal of those claims.

### b. Claim Against Baymont Hotel Pursuant to 42 U.S.C. § 2000(A)

Plaintiff also brings a claim against the Baymont Hotel pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a).  (Doc. 17 at 4).  Section 2000(a) prohibits discrimination in places of public accommodation "on the ground of race."  42 U.S.C. § 2000(a); *Rhoades v. Days Inn by Wyndham*, No. 3:21-CV-01990, 2023 WL 4565467, at *5 (M.D. Pa. July 17, 2023).  There are no facts alleged suggesting that the Baymont Hotel discriminated against Plaintiff on the basis of his race.  Accordingly, we recommend that this claim be dismissed.[2]

---

[2] We also note that the remedy for a Title II violation is limited to a civil injunction for preventative relief.  *Rhoades*, 4565467, at *5 (citing *Three Rivers Center for Independent Living v. Housing Authority of City*, 382 F.3d 412, 420 (3d Cir. 2004); *Livingstone v. Hugo Boss Store,*

### c. Claims for Violations of Criminal Statutes Against the Law Enforcement Defendants

Plaintiff alleges that the Law Enforcement Defendants violated several criminal statutes including 18 U.S.C. § 1201(A),(C), Kidnapping, 18 U.S.C. § 1583, Enticement into Slavey, 18 U.S.C. § 1593A, providing for mandatory restitution, and 18 U.S.C. § 1519, Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy.  (Doc. 17 at 7, 10).

However, a private party has no right to enforce criminal statutes. *See Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (per curiam). Courts have repeatedly found that criminal statutes do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("[plaintiff] alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2015) ("§ 242 is a criminal statute,

---

*Atl. City, NJ*, No. CV2101971RBKAMD, 2021 WL 3910149, at *5 (D.N.J. Sept. 1, 2021), *appeal dismissed sub nom. Livingstone v. Hugo Boss Store Atl. City*, No. 21-2757, 2022 WL 845249 (3d Cir. Mar. 2, 2022).  Plaintiff is seeking no such relief here against the Baymont Hotel.

through which no private cause of action is created."); *Greenblatt v. Klein*, 634 F. App'x 66, 69 (3d Cir. 2015) ("Finally, we agree that there is no private cause of action under 18 U.S.C. § 1001."); *Carpenter v. Young*, No. Civ.A. 04-927, 2005 WL 1364787, at *7 (E.D. Pa. June 1, 2005) ("[P]laintiff may not maintain a private cause of action based on violations of criminal provisions of the Bankruptcy Code [including 18 U.S.C. § 153]."); *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993) ("18 U.S.C. § 4 defines a criminal offense and does not provide civil complaints with a private right of action. Thus, plaintiff cannot base a civil cause of action on 18 U.S.C. § 4, and cannot invoke that statute as a jurisdictional basis for her present complaint.") (internal citations omitted); *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996) ("First, 18 U.S.C. [§ 113] define[s] certain acts ... as criminal offenses. Such criminal offense provisions do not create a private cause of action.") (citing *Lundt v. Hodges*, 627 F. Supp. 373, 375 (N.D. Iowa 1985)).

None of the criminal statutes cited by Plaintiff provide for a civil cause of action and Plaintiff "may not bring criminal charges against defendants through a private lawsuit." *Ellerbe v. Mayor of*

*Philadelphia*, No. 19-2716, 19-2718, 2019 WL2866085, at \*2 (E.D. Pa.

July 3, 2019) (citing *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172

(E.D. Pa. 1975)).  Accordingly, we recommend that all claims in

Plaintiff's Complaint based upon federal criminal statutes be dismissed.

### d. Section 1983 Claims Against Law Enforcement Defendants

Plaintiff claims that the Law Enforcement Defendants violated his

Constitutional Rights "protected by the Fourteenth Amendment Equal

Protection Clause."  (Doc. 17 at 8).  He also alleges procedural and

substantive due process violations (*id.* at 9), and cruel and unusual

punishment in violation of the Eighth Amendment.  (*Id.*).  Each claim

will be considered in turn.

### i.    Equal Protection Violation

The Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution provides that "no state shall ... deny to any

person within its jurisdiction the equal protection of the laws."

*Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 392 (E.D. Pa. 2007), *as*

*amended* (Apr. 16, 2007).  The Equal Protection Clause "is essentially a

direction that all persons similarly situated should be treated alike"

under the law.  *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S.

18

432, 439 (1985).  To establish an equal protection violation, a plaintiff must demonstrate that he is either a member of a protected class or a "class of one," and that he was treated differently than others who are similarly situated without any rational basis for the difference in treatment.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000); *see also Johnson v. Fuentes*, 704 F. App'x 61, 65 (3d Cir. 2017); *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005); *Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002).  Persons are considered similarly situated when they are "alike in all relevant aspects."  *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted).

A successful equal protection claim requires proof that the plaintiff was subjected to intentional or purposeful discrimination.  *See Hassan v. City of N.Y.*, 804 F.3d 277, 294 (3d Cir. 2015); *Shuman*, 422 F.3d at 151.  A plaintiff shows discriminatory purpose by demonstrating that the defendant took the challenged action "at least partially because the action would benefit or burden an identifiable group."  *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 548 (3d Cir. 2011) (citing *Pers. Adm'r v. Feeney*, 442 U.S. 256, 279 (1979)); *see also Iqbal*, 556 U.S.

at 676–77 (finding that a discrimination claim requires pleading facts that show challenged policy was adopted "not for a neutral, investigative reason but for the purpose of discrimination").

To maintain such a claim, a plaintiff must establish that he has been irrationally singled out for disparate treatment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008). "[A]t the very least, to state a claim under [a class of one theory], a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Mosca v. Cole*, 217 F. App'x 158, 164 (3d Cir. 2007).

Here, Plaintiff has not alleged that he was treated differently than any others who are similarly situated. Accordingly, he has failed to state a claim for a class of one equal protection violation and we recommend that this claim be dismissed.

## ii.    Substantive Due Process

"Substantive due process is a component of the [Fourteenth Amendment] that protects individual liberty against certain government actions regardless of the fairness of the procedures used to

20

implement them." *Newark Cab. Ass'n v. City of Newark*, 901 F.3d 146, 155 (3d Cir. 2018) (alteration in original) (cleaned up). "The substantive component of the Due Process Clause safeguards against certain deprivations of individuals' life, liberty, and property by state actors regardless of the fairness of the procedures used to implement them. In a substantive due process challenge to governmental conduct, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *McKee v. A. Jordan, et al.*, No. 4:25-CV-02196, 2026 WL 777691, at *3 (M.D. Pa. Mar. 19, 2026) (cleaned up). A violation of substantive due process rights is demonstrated if the government's actions were not rationally related to a legitimate state interest or were motivated by bias, bad faith, or improper motive. *Sameric Corp. of Delaware, Inc. v. Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998); *Independent Enter., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1179 (3d Cir. 1997).

Plaintiff has not alleged that the Law Enforcement Defendants' deprivation of a protected interest shocks the conscience. He alleged that two police officers, one in uniform, knocked on his hotel door. (Doc.

21

17 at 6). Plaintiff was able to observe them through a "peep hole." (*Id.*). After knocking, one of the officers indicated that he wanted to ask the Plaintiff some questions. (*Id.*). The Plaintiff opened the door. (*Id.*). The officers proceeded to handcuff and arrest him. (*Id.*). He also makes various allegations relating to purported discrepancies on his criminal docket sheet, but fails to allege how any of those discrepancies deprived him of due process. Based upon the facts alleged, we are unable to find that Plaintiff has stated a claim for a substantive due process violation upon which relief can be granted. Therefore, we recommend that this claim be dismissed.

### iii.    Procedural Due Process

Generally, to state a claim alleging a procedural due process violation, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (citation omitted).

A cognizable claim of a violation of procedural due process cannot be discerned the narrative contained in the Amended Complaint.  This claim appears to possibly be connected to Plaintiff's claims that the preliminary hearing held before Judge Corbett does not appear on his docket sheet.  (*See* Doc. 17 at 9).  However, he does not allege that he was deprived of a preliminary hearing.  Rather, he alleges that a preliminary hearing was held but that it is not documented on his docket sheet.  Allegations that there are errors on Plaintiff's docket sheet, without more, cannot be construed to constitute a procedural due process violation.  Plaintiff does not allege how he suffered any prejudice or was denied any right by errors contained on docket sheet in his criminal case.  There is nothing in the narrative that can reasonably be construed to support a due process claim.

### iv.    Eighth Amendment Claim

The Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of pain by prison officials.  U.S. Const. Amend. VIII.; *see also Rhodes v. Chapman,* 452 U.S. 337, 345–46 (1981); *Whitley v. Albers,* 475 U.S. 312, 319 (1986).  There are several types of Eighth Amendment claims, including claims

23

alleging: denial of, or inadequate access to, medical care; exposure to adverse conditions of confinement; the use of excessive force; and failure to protect from assaults by other inmates.  An Eighth Amendment claim includes both objective and subjective components.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Under the objective prong, the Court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson*, 501 U.S. at 298).  However, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue."  *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind."  *Wilson*, 501 U.S. at 298.  Moreover, "the Eighth Amendment only applies to convicted and sentenced prisoners."  *Johnson v. Russo*, 2022 WL 4472623, at *1 (D.N.J. Sept. 26, 2022) (citing *Thomas v. Cumberland Cty.*, 749 F.3d 217, 223 n.4 (3d Cir. 2014); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

Here, Plaintiff has not alleged that he has been convicted and sentenced, nor has he named any prison officials as Defendants.  It is

24

not clear what type of Eighth Amendment claim he is raising, but it does not appear he has stated facts that would support an Eighth Amendment Claim of any nature, and so, we recommend that this claim be dismissed.

### e. State Law Claims

As set forth *supra*, we recommend that all of Plaintiff's federal claims be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction" unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction. *Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016). We find no such factors exist here and therefore recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, given our recommendation that all federal claims be dismissed. Alternatively, we recommend that the state law claims be dismissed as Plaintiff fails to state a claim upon which relief can be granted as to any state law claims.

### i.    Plaintiff's State Law Claims Against Baymont Hotel

Plaintiff asserts claims of negligence, breach of contract, and breach of fiduciary duty against Baymont Hotel. (Doc. 17 at 3). We consider each claim in turn.

### a. Negligence[3]

In order to state a claim negligence, a plaintiff must allege a legal duty, a breach of that duty, a causal relationship between the defendant's negligence and plaintiff's injuries, and damages. *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 422–23 n.9 (3d Cir. 2002). Plaintiff's chief complaint with respect to the Baymont Hotel's actions appears to be the failure to provide a "courtesy phone call" to give Plaintiff advance warning that Law Enforcement Defendants were approaching his hotel room. (Doc. 17 at 5). Plaintiff has not alleged any facts establishing that the Baymont Hotel had a duty to provide such a warning or that its failure to do so constituted a breach.

---

[3] We note that where a court hears a state-law claim based on its supplemental jurisdiction, it applies the substantive law of the forum state. *Chin v. Chrysler*, 538 F.3d 272, 278 (3d Cir. 2008). Accordingly, here, we consider Plaintiff's state law claims pursuant to Pennsylvania substantive law.

Further, as noted *supra*, Plaintiff has failed to allege that the Baymont Hotel was aware of the Law Enforcement Defendants' plan in advance. Accordingly, Plaintiff has failed to state a claim for negligence against the Baymont Hotel and we recommend that the claim be dismissed.

### b. Breach of Contract

We next consider Plaintiff's breach of contract claim.  A plaintiff must generally establish three elements to support a breach of contract claim: (1) "the existence of a contract, including its essential terms"; (2) "a breach of a duty imposed by the contract"; and (3) "resultant damages."  *Fortunato v. CGA L. Firm*, No. 1:17-CV-00201, 2018 WL 4635963, at *3 (M.D. Pa. Sept. 27, 2018) (citing *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. Ct. 2002) (citing *Corestates Bank v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).  Fatal to his breach of contract claim, Plaintiff has not alleged the existence of a contract between the Baymont Hotel and Plaintiff nor has he alleged the specific terms of any such contract that the Baymont Hotel breached. Accordingly, we likewise recommend that this claim be dismissed.

### c. Breach of Fiduciary Duty

Turning to Plaintiff's breach of fiduciary duty claim, we note that in order to establish such a claim, under Pennsylvania law, a plaintiff must establish "(1) the existence of a fiduciary relationship; (2) that the defendant negligently or intentionally failed to act in good faith and solely for the plaintiff's benefit; and, (3) that the plaintiff suffered an injury caused by the defendant's breach of its fiduciary duty." *Adair v. Cigna Corp. Services*, LLC, --- F. Supp. 3d ---, No. 25-2384, 2026 WL 295744, at \*17 (E.D. Pa. Feb. 4, 2026) (citing *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 88 (Pa. 2023) (citing *Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. 2020)). There is no allegation in the Amended Complaint regarding the existence of a fiduciary relationship between Plaintiff and the Baymont Hotel. Accordingly, we recommend that this claim also be dismissed.

### ii.    Plaintiff's State Law Claims Against the Law Enforcement Defendants

Plaintiff asserts claims of negligence, fraud and deceit, intentional misrepresentation, abuse of judicial process, obstruction of justice, tampering with court records, and intentional abuse of due process against the Law Enforcement Defendants. We consider each claim.

### a. Negligence

In order to state a claim of negligence, a plaintiff must allege a legal duty, a breach of that duty, a causal relationship between the defendant's negligence and plaintiff's injuries, and damages. *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 422–23 n.9 (3d Cir. 2002).

We are unable to find that Plaintiff has alleged facts indicating that the Law Enforcement Defendants breached any legal duty resulting in damages to Plaintiff. Accordingly, Plaintiff has failed to state a claim for negligence against the Law Enforcement Defendants and we recommend that this claim be dismissed.

### b. Fraud and Deceit

To state a fraud claim under Pennsylvania law, a plaintiff must allege: (1) a misrepresentation or concealment; (2) material to the transaction at issue; (3) made with knowledge of its falsity or recklessness as to its truth or falsity (for a misrepresentation) or calculated to deceive (for a concealment); (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the

29

reliance. *K&G Contracting, Inc. v. Warfighter Focused Logistics, Inc.*, 689 F. Supp. 3d 35, 43 (E.D. Pa. 2023) (citing *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022)).

Federal Rule of Civil Procedure 9(b) provides that where a party alleges fraud, he must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Rule "essentially requires Plaintiffs to allege the who, what, when, where, and how elements to state a claim arising in fraud." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1423 (3d Cir. 1997)).

We are unable to find that Plaintiff has stated a claim for fraud. To the extent Plaintiff's claim of fraud is based upon his initial encounter with the police officers at his hotel room, we note that Plaintiff alleged that he was able to identify two officers, one of whom was in uniform, through his "peep hole." (Doc. 17 at 5–7). Thus, Plaintiff alleged that he was aware of the identity of the individuals knocking on his door, before he opened the door for the officers. We are unable to say that the facts, as alleged, support a claim for fraud in light of the heightened pleading standard required for such claims.

30

Therefore, we recommend that Plaintiff's claim for fraud against the law enforcement officers be dismissed.

### c. Intentional Misrepresentation

Similarly, under Pennsylvania law, to establish intentional misrepresentation, the plaintiff must show: (1) A representation (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance. *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 141 (E.D. Pa. 2007) (citing *Heritage Surveyors & Engineers, Inc. v. National Penn Bank*, 801 A.2d 1248, 1250–51 (Pa. 2002)). "[T]he heightened pleading requirements of Rule 9(b) apply to claims of intentional misrepresentation." *In re Shop-Vac Marketing and Sales Practices Litigation*, 964 F. Supp. 2d 355, 360 (M.D. Pa. 2013).

For the same reasons that we concluded Plaintiff failed to state a claim upon which relief can be granted for fraud, we find that Plaintiff has failed to state a claim for which relief can be granted for intentional

misrepresentation.  While Plaintiff alleges that he opened the door to his hotel room because he was "[u]nsure of who these men really [were]," he also alleged that he was able to see a uniformed officer through the peep hole of the hotel door.  (Doc. 17 at 5–6).  Accordingly, given the heightened pleading standard required to state a claim of intentional misrepresentation, we are unable to find that Plaintiff has sufficiently stated a claim upon which relief can be granted and recommend that this claim be dismissed.

### d. Abuse of Judicial Process

Under Pennsylvania law, "abuse of process is the improper use of process after it has been issued." *McGee v. Feege,* 535 A.2d 1020, 1023 (Pa. 1987) (internal quotation marks omitted). *Schwartz v. OneWest Bank, FSB*, 614 F. App'x 80, 83 (3d Cir. 2015).  To demonstrate abuse of process, the plaintiff must prove that "the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *DeForte v. Borough of Worthington*, No. 2:16-CV-00067, 2017 WL 2445890, at *17 (W.D. Pa. June 6, 2017) (citing *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993)); *see also Price v.*

32

*City of Phila.*, No. CV 15-1909, 2017 WL 895586, at \*19 (E.D. Pa. Mar. 7, 2017).  Illegitimate purposes include, for example, "extortion, forcing a defendant to surrender a legal right, or blackmail." *Mawson v. Pittson Police Dep't*, No. 13-1714, 2014 WL 3735133, at \*10 (M.D. Pa. July 28, 2014).  Notably, "'[a]buse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.'" *DeForte*, 2017 WL 2445890, at \*17 (quoting *Gen Refractories Co., v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 305 (3d Cir. 2003)).

Here, the basis of Plaintiff's abuse of judicial process claim is not clear.  He has not alleged "an after-the-fact, improper perversion of process." *See DeForte*, 2017 WL 2445890, at \*18.  It may be the case that Plaintiff is attempting to allege malicious prosecution rather than abuse of legal process.  But as set forth *supra*, the gist of those two claims is different and Plaintiff has not stated facts that give rise to a plausible abuse of process claim.  Accordingly, we recommend that his

33

abuse of legal process claim against the Law Enforcement Defendants be dismissed.

### e. Obstruction of Justice

Pennsylvania does not recognize a civil action for obstruction of justice. *Ballard v. City of Philadelphia*, 541 F. App'x 143, 144–45 (3d Cir. 2013); *Bennett v. Maier,* CIV.A. 97–3555, 1998 WL 386129, at *4 (E.D. Pa. July 7, 1998) ("No civil cause of action for "obstruction of justice" exists under either federal law or the law of the state of Pennsylvania."). Further, a plaintiff cannot maintain a civil claim under Pennsylvania's criminal obstruction of justice statute. *Brookins v. Bristol Tp. Police Department*, 642 F. App'x 80, 81 (3d Cir. 2016) (citing *D'Errico v. DeFazio,* 763 A.2d 424, 430 (Pa. Super. Ct. 2000); *Pelagatti v. Cohen,* 536 A.2d 1337, 1342 (Pa. Super. 1987)).[4] Accordingly, Plaintiff has failed to state a claim for obstruction of

---

[4] To the extent Plaintiff intended to state a claim pursuant to 42 U.S.C. § 1985(2) for obstruction of justice, his factual averments are likewise insufficient. To establish such a claim, a plaintiff must allege a "class-based, invidiously discriminatory animus." *Burgos v. Canino*, 641 F. Supp. 2d 443, 457–58 (E.D. Pa. 2009) (quoting *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976)). Plaintiff does not include any allegations regarding class-based discriminatory animus. Accordingly, a claim under Section 1985(2) would likewise fail.

justice against the Law Enforcement Defendants and we recommend that this claim be dismissed.

### f.  Tampering with Court Records

As with Plaintiff's obstruction of justice claim, there is no private cause of action for tampering with public records under Pennsylvania's Crimes Code.  *Bennett v. Heap*, No. 4:25-CV-1349, 2026 WL 243212, at *6 (M.D. Pa. Jan. 29, 2026) (citing *Williams v. Wetzel*, No. 1:17-cv-79, 2020 WL 583983, at *17 (M.D. Pa. 2020) (no private cause of action for "tampering with public records" under Pennsylvania Crimes Code)).  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.  We recommend, therefore, that his claim for tampering with court records against the Law Enforcement Defendants be dismissed.

## IV.   LEAVE TO AMEND

We recognize that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay.  *Alston v. Parker*, 363

F.3d 229, 235–36 (3d Cir. 2004).  In this case, Mr. Williams has already had an opportunity to amend his complaint to state a viable cause of action.  (*See* Docs. 16, 17).  The Court previously advised Mr. Williams of multiple deficiencies with respect to his initial Complaint.  However, even after amendment, Mr. Williams failed to correct the identified issues.  Accordingly, the Court respectfully recommends that leave to amend be **DENIED**, as filing a second amended complaint would be futile.  However, we note that the dismissal of state law claims pursuant to 28 U.S.C. § 1367(c) should be without prejudice.  *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).  Accordingly, we will recommend that Plaintiff's state law claims be dismissed without prejudice.

## V.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

1. Plaintiff's Amended Complaint (Doc. 17) be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure;

2. Plaintiff's claims brought against the Baymont Hotel pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE;**

3. Plaintiff's claims against the Baymont Hotel pursuant to 42 U.S.C. § 2000(A) be **DISMISSED WITH PREJUDICE**;

4. Plaintiff's claims against the Law Enforcement Defendants pursuant to various federal criminal statutes be **DISMISSED WITH PREJUDICE;**

5. Plaintiff's claims against the Law Enforcement Defendants pursuant to 42 U.S.C. § 1983 be **DIMISSED WITH PREJUDICE**;

6. Plaintiff's state law claims dismissed pursuant to 28 U.S.C. § 1367(c) be **DISMISSED WITHOUT PREJUDICE**;

7. Leave to further amend the complaint be **DENIED** as futile; and

8. The Clerk of Court be directed to **CLOSE** this case.

Date: April 17, 2026                **/s/ Leo A. Latella**
                                    Leo A. Latella
                                    United States Magistrate Judge

37

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LAMAR A. WILLIAMS,

        Plaintiff,

    v.

KEVIN ROBERT SWEENEY, et al.,

        Defendants.

CIVIL NO. 3:25-cv-00259

(LATELLA, M.J.)

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 17, 2026**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The

38

briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: April 17, 2026          *s/ Leo A. Latella*
                               **LEO A. LATELLA**
                               **United States Magistrate Judge**