**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

LAMAR A. WILLIAMS,

    Plaintiff,

  v.

KEVIN ROBERT SWEENEY, et al.,

    Defendants.

CIVIL ACTION NO. 3:25-CV-00259

(MEHALCHICK, J.)

## ORDER

Plaintiff Lamar A. Williams ("Williams") initiated this *pro se* action on February 12, 2025, by filing a complaint. (Doc. 1). On February 28, 2025, Williams filed a motion to proceed *in forma pauperis*. (Doc. 7). On April 22, 2025, Magistrate Judge Phillip J. Caraballo issued an order granting Williams's motion to proceed *in forma pauperis*. (Doc. 15). That same day, Judge Caraballo noted that Williams had filed four supplements adding factual allegations and amendments to his complaint, found that Williams presented his allegations in a piecemeal fashion in violation of Federal Rule of Civil Procedure 8, advised Williams that he appeared to be attempting to proceed on invalid legal theories such as raising Section 1983 claims against private entities, and ordered Williams to file one single amended complaint. (Doc. 16).

On May 12, 2025, Williams filed the operative amended complaint against Defendants Kevin R. Sweeney ("Sweeney"), James Petrucci ("Petrucci"), John Munley ("Munley"), Danielle Guari ("Guari"), Christopher J. Osborne Jr. ("Osborne"), and Baymont Hotel/Wyndam Resorts ("Baymont/Wyndam") (collectively, "Defendants"). (Doc. 17). According to Williams, Scranton police officers unlawfully arrested him while he was staying at Baymont/Wyndam's hotel. (Doc. 17, at 3). Williams alleges Sweeney, Petrucci, Munley,

Guari, and Osborne (collectively, "Law Enforcement Defendants") made false statements in association with his unlawful arrest and subsequent frivolous prosecution. (Doc. 18, at 8). Williams does not bring his claims under numbered counts but brings various state and federal claims against Defendants. (Doc. 17). Williams alleges Baymont/Wyndam are liable for negligence, breach of contract, breach of fiduciary duty, and for violating his civil rights. (Doc. 17, at 3-4). Williams alleges Law Enforcement Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights and violated various federal statutes. (Doc. 17, at 4, 9-10).  He further alleges Law Enforcement Defendants are liable for negligence, intentional misrepresentation, fraud and deceit, abuse of judicial process, obstruction of justice, tampering with court records, and intentional abuse of due process. (Doc. 17, at 10).

On April 17, 2026, Magistrate Judge Leo A Latella[1] screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A). (Doc. 20). Judge Latella first found that despite Judge Caraballo previously advising Williams about the requirements of Rule 8, the amended complaint violates Rule 8 because it contains nearly ten pages of narrative as its "Statement of Claim" and does not contain a "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (Doc. 20, at 10) (quoting Fed. R. Civ. P. 8(a)(2)). Judge Latella further found that Williams fails to state any federal claims for which relief could be granted. (Doc. 20, at 9-35). Judge Latella concluded that Williams's claims against Baymont/Wyndam failed because 1) he attempts to bring Section 1983 claims against a private actor without alleging that Baymont/Wyndam "was aware of law enforcement's presence or in any way facilitated or assisted them," and 2) attempts to bring racial discrimination claims without alleging that Baymont/Wyndam discriminated against him on

---

[1] This matter was reassigned to Magistrate Judge Latella on August 6, 2025.

the basis of race. (Doc. 20, at 13-15). Judge Latella further determined that Williams fails to state any federal claims against Law Enforcement Defendants because 1) Williams attempts to bring a civil action under various criminal statutes which do not provide a private cause of action, 2) Williams attempts to bring equal protection claims without alleging disparate treatment on the basis of his race, 3) Williams attempts to bring substantive due process claims without alleging any actions which "shock the conscious," 4) Willaims attempts to bring procedural due process claims based on the fact that his criminal docket sheet does not list a preliminary hearing but does not allege that he was denied a preliminary hearing, and 5) attempts to bring Eight Amendment claims without alleging he was convicted or sentenced and without naming any prison officials as defendants. (Doc. 20, at 18-25). Judge Latella concluded that since the Court should dismiss Williams's federal claims, the Court should also dismiss Williams's state claims because Williams does not allege any circumstances warranting the Court retaining supplemental jurisdiction.[2] (Doc. 20, at 25). Finally, Judge Latella recommended that the Court deny leave to amend because Williams has already been afforded the opportunity to amend his complaint but has still failed to state a claim for which relief could be granted. (Doc. 20, at 35-36). Judge Latella noted, however, that Williams's state law claims should be dismissed without prejudice to his ability to file a complaint in a court of appropriate jurisdiction. (Doc. 20, at 36). Judge Latella informed Willaims that he

---

[2] Judge Latella also discussed the substance of Williams's state law claims, in the alternative to dismissal for lack of jurisdiction, and offered alternative recommendations that the state law claims be dismissed for failure to state a claim. (Doc. 20, at 26-35). Because the Court agrees with Judge Latella that Willaims's state law claims should be dismissed for lack of jurisdiction, the Court declines discuss or make any findings regarding the merits of Williams's state law claims. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (stating "[i]f a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits").

had fourteen days to an objection. (Doc. 20, at 38-39). Williams did not file a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 20).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 20). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Latella's report and recommendation (Doc. 20) is

**ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **DISMISSES** Williams's amended complaint and **DENIES** leave to amend. (Doc. 17). The Court **DISMISSES** Williams's federal claims **with prejudice** but **DISMISSES** Williams's state claims **without prejudice** to his ability to bring them in a court of appropriate jurisdiction. The Clerk of Court is directed to close this matter.

BY THE COURT:

Dated: May 11, 2026

/s/ *Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

5